UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

NOV 30 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES OF AMERICA : Criminal Number:
:
v. :
:
: VIOLATION: 18 U.S.C. § 1344
DAVID J. BROWN, : (Bank Fraud)
:
: 05 cr 395
Defendant. :

## STATEMENT OF THE OFFENSE

Pursuant to Fed. R. Crim. P. 11, the defendant, David J. Brown, under penalty of perjury, agrees and stipulates, to the following facts in connection with his plea of guilty to 18 U.S.C. §1344 (Bank Fraud).

### Background

Between on or about April 2001, and on or about August 2002, Defendant David J. Brown (hereinafter "the Defendant"), was a resident of the District of Columbia. The Defendant owned and operated a small business known as 12-Volt Mobile Electronics ("the 12-Volt Store"), as well as two related businesses, Auto Sound Shop ("Auto Sound") and DDA Group ("DDA"), all of which were located at 309 H Street, N.W., Washington, D.C. ("Brown Businesses"). The focus of the Brown Businesses was the sale of sound equipment, such as radios and stereos, for both homes and automobiles, and the Brown Businesses also offered a related service of installation of the sound equipment.

### Scheme to Defraud

In or about April 2001, the Defendant opened two business checking accounts at Bank of America, N.A., ("BOA"); one in the name of Auto Sound and the other in the name of DDA.

Defendant was listed as the sole proprietor and signatory on both business accounts. On or about August 15, 2001, in order to finance his purchase of a property located at 1357 Morris Road, Washington, D.C. ("the Morris Road property"), the Defendant manufactured and deposited two counterfeit checks totaling $31,577 into his bank accounts at BOA in two separate transactions involving each of the accounts. The first transaction was conducted by the Defendant at the Farraguat Square branch of BOA in Washington, D.C., and consisted of the deposit of a counterfeit check in the amount of $17,290 drawn on a fictitious NIH Account and made payable to DDA. The second transaction was conducted by the Defendant at the K Street branch of BOA in Washington, D.C., and consisted of the deposit of a counterfeit check in the amount of $14,287 drawn on the same fictitious NIH Account and made payable to Auto Sound.

After depositing the checks and consolidating the counterfeit monies into the DDA account via an internal BOA wire transfer, the Defendant then used these monies to pay for the Morris Road property. Specifically, on or about August 16, 2001, the Defendant wrote a check drawn on the DDA account at BOA in the amount of $32,463 made payable to his sister, Sheila Brown. The reference line of the check provided that it was a "Cashiers Check for Raflo Title," which was the settlement company handling the purchase of the Morris Road property. Upon receipt of the funds, Raflo Title wired $29,381 to the United States Department of Housing and Urban Development ("HUD"), which was the seller of the Morris Road property, and on or about August 17, 2001, the Defendant's wife, Shawntell Brown, took title to the property. As a result of the Defendant's deposit of counterfeit checks into the Brown Businesses' BOA accounts, BOA suffered an actual loss of $28,148.

Moreover, although Shawntell Brown was the alleged purchaser of the Morris Road property, all future proceeds deriving from transactions relating to the property were made

payable to David Brown. Specifically, on or about October 26, 2001, Raflo Title issued a check for $46,838, made payable to the Defendant in connection with a transaction he conducted on the Morris Road property ("the Morris Road check"). That sum was the result of a refinancing in the amount of $50,000 for the Morris Road property, occurring on or about the same date. When Defendant Brown refinanced the said property, the subsequent mortgage and deed of trust was placed exclusively in his name. The check made payable to the Defendant for the amount of $46,838.62, represented the proceeds of the refinancing less the closing costs for the transaction. In or about August of 2002, Defendant Brown refinanced the said property again, this time in the amount of $104,000. That mortgage and deed of trust was placed in the Defendant's name, as well as his wife's, and Defendant received $39,958.90 as proceeds of the refinancing.

Date: 11-30-05

DAVID J. BROWN
Defendant

I have read each of the fourteen pages constituting this statement of offense and reviewed and discussed them with my client.

Date: 11/30/05

ELLIOT QUEEN, ESQUIRE
Attorney for the Defendant