

**U.S. Department of Justice**

United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St. N.W.*
*Washington, D.C. 20001*

October 24, 2005

FILED

NOV 30 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Elliot Queen, Esq.

05 cr 395

Re: <u>United States v. David Brown</u>

Dear Mr. Queen:

  This letter sets forth the full and complete plea offer to your client, David Brown (hereinafter also referred to as "the Defendant") from the Criminal Division of the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). This plea offer will expire on November 4, 2005. If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the plea agreement. The terms of the offer are as follows:

**Charges and Statutory Penalties**

  Your client, David Brown, agrees to plead guilty to a one-count criminal information charging bank fraud, in violation of 18 U.S.C. § 1344. A copy of the information is attached.

  The Defendant understands that pursuant to 18 U.S.C. § 1344, at the time he committed the offense, the charge carried a maximum sentence of ~~5~~ 30 years of imprisonment, a fine of ~~$250,000~~ $1,000,000 or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d), a $100 special assessment, a five-year term of supervised release, an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made.

  In consideration of the Defendant's plea to the above offense, the Defendant will not be

further prosecuted criminally by this Office for the conduct set forth in the attached Statement of Offense.

**Factual Stipulations**

The Defendant agrees that the attached "Statement of the Offense" fairly and accurately describes his actions and involvement in the offense to which he is pleading guilty. It is anticipated that prior to or during the plea hearing, Mr. Brown will adopt and sign the Statement of the Offense as a written proffer of evidence.

**Sentencing Guidelines Stipulations**

The Defendant understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manual (2001) (hereinafter "Sentencing Guidelines" or "U.S.S.G"). Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties stipulate to the following:

**A.    Offense Level under the Guidelines**

§ 2B1.1. Larceny, Embezzlement and Other Forms of Theft; Offenses Involving Stolen Property; Property Damage or Destruction; Fraud and Deceit; Forgery

|  |  |
|---|---|
| (a) Base Offense Level | 6 |
| (b) Specific Offense Characteristics<br>(1) (B) Loss More than $10,000 | 4 |
| TOTAL | 10 |

§ 3E1.1 Acceptance of Responsibility

Assuming the Defendant clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through his allocution and subsequent conduct prior to the imposition of sentence, the Government agrees that a 2-level reduction would be appropriate, pursuant to § 3E1.1(a), U.S.S.G.  Furthermore, the government agrees not to oppose the Defendant's release pending sentencing and to self-surrender upon sentencing.

In accordance with the above, the applicable Guidelines offense level is 8.

**B.    Criminal History Category**

Based upon the information now available to this Office (including representations by the defense), the Defendant has a prior criminal history resulting in a Criminal History Category II

**C.    Applicable Guideline Range**

Based upon the calculations set forth above, the Defendant's stipulated Sentencing Guidelines range is 4-10 months (the "Stipulated Guidelines Range"). In addition, the parties agree should the Court impose a fine, at Guidelines level 8, the applicable fine range is $1,000 to $10,000.

**Agreement as to Sentencing Allocution**

The parties further agree that a sentence within the Stipulated Guidelines Range would constitute a reasonable sentence in light of all of the factors set forth in Title 18, United States Code, Section 3553(a). However, the parties agree that either party may seek a sentence outside of the Stipulated Guidelines Range and suggest that the Court consider a sentence outside of the Stipulated Guidelines Range, based upon the factors to be considered in imposing a sentence pursuant to Title 18, United States Code, Section 3553(a).

Nothing in this agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, *see* U.S.S.G. §3E1.1, and/or imposition of an adjustment for obstruction of justice, *see* U.S.S.G. §3C1.1, regardless of any stipulation set forth above, should the Defendant move to withdraw his guilty plea once it is entered, or should it be determined that the Defendant has either (i) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice or (ii) engaged in additional criminal conduct after signing this agreement.

**Court Not Bound by the Plea Agreement**

It is understood that, pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B) and 11(c)(3)(B), the Court is not bound by the above stipulations, either as to questions of fact or as to the parties' determination of the applicable Guideline range. In the event that the Court considers any Guidelines adjustments, departures, or calculations different from those stipulated to above, or contemplates any sentence outside of the Stipulated Guidelines Range, the parties reserve the right to answer any inquiries and to make all appropriate arguments concerning the same.

**Court Not Bound by the Non-Mandatory Sentencing Guidelines**

It is understood that the sentence to be imposed upon the Defendant is determined solely by the Court. It is understood that the Sentencing Guidelines are not binding on the Court. The Defendant acknowledges that his entry of a guilty plea to the charged offense authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Guidelines range. The government cannot, and does not, make

3

any promise or representation as to what sentence the Defendant will receive. Moreover, it is understood that the Defendant will have no right to withdraw his plea of guilty should the Court impose a sentence outside the Guidelines range.

**Breach of Agreement**

The Defendant understands and agrees that if, after entering this plea agreement, he fails specifically to perform or to fulfill completely each and every one of his obligations under this plea agreement, or commits any further crimes, the Defendant will have breached this plea agreement. In the event of such a breach, (a) the United States will be free from its obligations under the agreement; (b) the Defendant will not have the right to withdraw the guilty plea; (c) the Defendant shall be fully subject to criminal prosecution for any other crimes which the Defendant has committed or might commit, if any, including perjury and obstruction of justice; and (d) the United States will be free to use against the Defendant, directly and indirectly, in any criminal or civil proceeding all statements made by the Defendant and any of the information or materials provided by the Defendant, including such statements, information and materials provided pursuant to this agreement or during the course of any debriefings conducted in anticipation of, or after entry of this agreement, including the Defendant's statements made during proceedings before the Court pursuant to Fed. R. Crim. P. 11.

The Defendant acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. The Defendant knowingly and voluntarily waives the rights which arise under these rules. As a result of this waiver, the Defendant understands and agrees that any statements which are made in the course of the Defendant's guilty plea will be admissible against the Defendant for any purpose in any criminal or civil proceeding if the Defendant breaches this plea agreement or the Defendant's guilty plea is subsequently withdrawn. Moreover, in the event the Defendant's guilty plea is withdrawn, the Defendant agrees that the United States will be free to use against the Defendant in any criminal or civil proceeding any statements made during the course of any debriefing conducted in this case, regardless of whether those debriefings were previously covered by an "off the record" agreement by the parties.

The Defendant understands and agrees that the United States shall only be required to prove a breach of this plea agreement by a preponderance of the evidence. The Defendant further understands and agrees that the United States need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this plea agreement.

Nothing in this agreement shall be construed to permit the Defendant to commit perjury, to make false statements or declarations, to obstruct justice, or to protect the Defendant from prosecution for any crimes not included within this agreement or committed by the Defendant after the execution of this agreement. The Defendant understands and agrees that the United States reserves the right to prosecute him for any such offenses. The Defendant further understands that

4

any perjury, false statements or declarations, or obstruction of justice relating to the Defendant's obligations under this agreement shall constitute a breach of this agreement. However, in the event of such a breach, the Defendant will not be allowed to withdraw this guilty plea.

### Waiver of Statute of Limitations

It is further agreed that should the conviction following the Defendant's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this agreement (including any counts that the Government has agreed to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against defendant, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

### Complete Agreement

No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by the Defendant, his counsel, and an Assistant United States Attorney for the District of Columbia.

The Defendant further understands that this agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against the Defendant.

If the foregoing terms and conditions are satisfactory, the Defendant may indicate his assent by signing the agreement in the space indicated below and returning the original to me once it has been signed by him and his counsel.

Sincerely yours,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY

By: 

JEANNIE S. RHEE
Assistant United States Attorney

5

## DEFENDANT'S ACCEPTANCE

I have read this plea agreement and have discussed it with my attorney, Elliot Queen, Esquire. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: 11-30-05

_____
David Brown
Defendant


## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely sets forth the entire plea agreement. Based upon my review and discussion with my client, my client desires to plead guilty as set forth in this agreement.

Date: 11/30/05

_____
Elliot Queen, Esquire
Attorney for the Defendant